# Staunton.

## VIRGINIA CANNERS EXCHANGE, INC. v. JOHN SCHEIDT.

### September 20, 1923.

1. MASTER AND SERVANT—*Implied Contract of Service—Evidence of Previous Negotiations—Case at Bar.*—In the instant case, an action by a servant against his master for breach of contract, the position taken by the plaintiff on appeal was that there was no express contract, and that a contract of employment for one year was created by implication when he remained in the service after the end of his former term. Plantiff introduced evidence which on appeal he contended did not tend to prove an express contract, but merely disclosed certain negotiations between the parties before the expiration of the former term of employment, indicating a purpose to continue the employment on the same terms for the ensuing year. Defendant also denied that there was an express contract.

   *Held:* That the evidence of the negotiations was clearly proper as throwing light on the character of the implied agreement, which arose when the plaintiff remained in the service of defendant after the first term ended. And, on the other hand, the defendant's opposing version and construction of the negotiations was admissible as showing that no such implication arose.

2. MASTER AND SERVANT—*Implied Contract of Service—Evidence of Previous Negotiations—Questions of Law and Fact.*—In an action by a servant against his master for breach of an implied contract of employment, where the servant continued in the employment of the master after the expiration of a former term of employment, the testimony for defendant tended to show that the plaintiff absolutely refused to enter into any contract for the year following the expiration of the term of his employment. But there was a conflict in the evidence upon this point.

   *Held:* That a question of fact arose to be determined by the jury.

3. MASTER AND SERVANT—*Implied Contract of Employment—Contract Terminable at Will—Case at Bar.*—In the instant case, an action by a servant against his master for breach of contract, if the plaintiff refused in advance to commit himself for a definite term when he entered upon the employment on January 1, 1921, at the expiration of his former term of service, then the contract of employment was terminable either at his will or at the will of the defendant.

4. Master and Servant—*Implied Contract of Employment—Rebuttable Presumption.*—The presumption that a servant employed for a definite term is to hold over for a like term, when he remains in the service of his employer after the expiration of the first term, is rebuttable.

5. Master and Servant—*Implied Contract of Employment—Servant Remaining in Employment after Expiration of His Term.*—When a person enters the employment of another for a definite period, and continues in that employment after the expiration of that period without any new agreement, the presumption, rebuttable by evidence to the contrary, is that he is again employed for a like term. And where, as in the instant case, the plaintiff was employed early in the year for the remainder of the calendar year, it would seem that the principle applicable to employment by the year could be fairly invoked, and that an instruction that when a person has been employed by the year, and continues in the employment after that period has expired, he is presumed to be employed until the close of the current year, is not erroneous.

6. Master and Servant—*Implied Contract—Burden of Proof—Instructions.*—In an action by a servant against his master for breach of contract of employment, the burden of proof is on the plaintiff either to prove an express contract of employment or to prove facts and circumstances from which such a contract would be presumed. And where, as in the instant case, plaintiff did not rely on an express contract, and the evidence tended to rebut the presumption upon which he relied as supporting his theory of an implied contract, it was reversible error to refuse an instruction that the burden of proving the contract of employment was on the plaintiff.

7. Master and Servant—*Contract of Employment—Statute of Frauds.*—Where in an action by a servant against his master for breach of contract, the servant relied on an implied contract of employment for one year, arising from the servant continuing in the employment of the master after the expiration of the former definite period of employment, which expired on January 1, 1921, if such a contract existed, it began on January 1, and was not within the statute of frauds.

Error to a judgment of the Corporation Court of the city of Roanoke, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Hall, Wingfield & Apperson*, for the plaintiff in error.

*Hairston & Woodfin*, for the defendant in error.

KELLY, P., delivered the opinion of the court.

On February 17, 1920, by a contract in writing, the Virginia Canners Exchange, Incorporated, employed John Scheidt to work for it for a period beginning March 20, 1920, and ending December 31, 1920, at a salary of $55.00 per week, and a bonus of two and one-half per cent. on net earnings of the exchange for that year.

In the fall of 1920, Scheidt and the duly authorized agents of the exchange had one or more interviews looking to a renewal of the employment for the year 1921. There is a material conflict of evidence as to the precise purport and effect of these negotiations, but both parties now contend that no express agreement was made covering the year 1921.

On and after January 1, 1921, Scheidt continued to work for the exchange, at the same salary and in the same capacity as theretofore, until the 21st of that month, when he was summarily discharged for alleged unbecoming conduct and insubordination.

Shortly thereafter Scheidt charged the exchange with a breach of contract, and brought this proceeding, by notice of motion for judgment, in which he made the following averment:

"On the first day of January, 1921, you (The Virginia Canners Exchange, Inc., of Roanoke, Virginia) did faithfully undertake and contract with me through your proper officers thereunto duly authorized to employ me in your manufacturing plant in Roanoke, Virginia, throughout the whole of the year 1921, for the salary of $55.00 per week, in consideration of which I

undertook and contracted to devote my time and efforts to your business. The terms and conditions of said contract were identical with those of a written contract heretofore entered into between us for a part of the year 1920."

There was a verdict and judgment for the plaintiff. The verdict necessarily meant that the jury thought the charges of unbecoming conduct and insubordination were not sustained or did not warrant Scheidt's dismissal. That question is not material here, as will hereafter more fully appear.

The course of the testimony of Scheidt and other witnesses introduced on his behalf, and the conduct of the case by his counsel, lead us to conclude that he originally sought to recover upon either of two alternative contentions—first, that the exchange had made an express oral agreement with him in the fall of 1920 for a renewal of his employment for the whole of the year 1921 upon the same terms as in the written contract; and, second, that, if there was no such express agreement, one arose by implication to the same effect by reason of his continuance in the employment after the expiration of the prior term. It is conceded, though the record does not disclose that fact, that an instruction to the jury was offered on behalf of the plaintiff upon the theory that his evidence showed an express contract, and that such instruction was withdrawn when the trial court indicated the view taken by it and hereinafter set forth. The unqualified position taken by the plaintiff in this court is that there was no express contract, and that a contract of employment for one year was created by implication when he remained in the service after the end of his former term. The question of whether there was an express contract is, therefore, out of the case at this time, except in so far as the testimony in

regard thereto may bear upon the theory now solely relied upon by the plaintiff. The defendant denied that there was any contract, either express or implied, for the year 1921. For the reasons just stated, we shall consider the case only with reference to the theory on which the case was submitted to the jury, namely, that there was an implied contract. Upon this theory the jury found the verdict upon which the trial court rendered the judgment under review.

[1-4] Taking the view of the plaintiff's evidence for which he now contends, it did not tend to prove an express contract, but merely disclosed certain negotiations between the parties in 1920, indicating a purpose to continue the employment on the same terms in 1921, and thus properly available as throwing light on the character of the implied agreement which arose when the plaintiff remained in the service after the first term ended. In this view, the evidence of such negotiations was clearly proper under the decision of this court in *Conrad* v. *Ellison-Harvey Co.*, 120 Va. 458, 465, 469, 91 S. E. 763, Ann. Cas. 1918B, 1171.

But, as stated above, there is a material conflict of evidence as to the purport and effect of the negotiations in question. The testimony for the defendant tended to show that the plaintiff absolutely refused to enter into any contract for 1921, giving as his reason that the union to which he belonged did not permit him to do so. The defendant, according to its evidence, was willing and offered to renew for one year, and the plaintiff refused to bind himself by such a contract. A question of fact thus arose, to be determined by the jury. If the plaintiff refused in advance to commit himself for a definite term, then he entered upon an employment on January 1, 1921, which was terminable either at his will or at the will of the defendant. *Conrad* v. *Ellison-*

*Harvey Co., supra* (120 Va. p. 466, 91 S. E. 763, Ann. Cas. 1918B, 1171); 1 Williston on Contracts, sec. 39. The rule invoked by the plaintiff, which rendered his version and construction of the negotiations in the fall of 1920 admissible as showing an implied contract for the whole of 1921, likewise rendered the defendant's opposing version and construction thereof admissible as showing that no such implication arose. The presumption that the plaintiff was to hold over for a definite period, which he claims arose in this case from his remaining in the service, is a rebuttable presumption. *Conrad* v. *Ellison-Harvey Co., supra* (120 Va. pp. 466-7, 91 S. E. 763, Ann. Cas. 1918B, 1171), and numerous authorities there cited.

We may now dispose of the assignments of error, the first of which relates to the instructions.

An oral instruction, given during the course of the argument by defendant's counsel, told the jury, in effect, that they could not regard the prior conversations, negotiations and dealings of the parties as throwing any light on the contract for 1921, because it had not been shown that any new or different agreement had been entered into for that year. This ruling we think was misleading and erroneous. If, as contended by the defendant, the plaintiff refused to enter into a contract for a definite term to begin January 1, 1921, he could not at his option hold the defendant to such a term. In that event, the fact that no new or different agreement was made between the parties was far from rendering the evidence in question immaterial.

[5] Among the instructions given for the plaintiff was one in the following words:

"The court instructs the jury that when a person has been employed by the year, and is permitted, without any new arrangement, to continue in the employment

after the period limited by the original agreement has expired, he is, in the absence of anything to show a contrary intention, presumed to be employed until the close of the current year, and upon the same terms. And if the jury believe from all the evidence that, at the time John Scheidt entered upon the discharge of his duties at the beginning of the year 1921, there had been no change in the terms of his former employment, they should find for the plaintiff."

It is said this instruction ought not to have been given because the plaintiff's evidence showed that he relied exclusively on an express and not at all upon an implied contract. As already indicated, we do not think this objection is sound. The only other objection is that "the plaintiff was not employed by the year, as stated in the instruction." This objection was not stressed. It was barely stated in the form here quoted, no authority was cited in its support, and we do not understand that it is very seriously relied upon. The original contract, it is true, was for less than one year, and the rule as generally stated is that when a person enters the employment of another for a definite period and continues in that employment after the expiration of that period without any new agreement, the presumption, rebuttable by evidence to the contrary, is that he is again employed *for a like term.* In this case the plaintiff was employed early in 1920 for the remainder of the calendar year, and it would seem that the principle applicable to employment by the year could fairly be invoked. We find no error in this instruction.

[6] The following instruction, being the only one requested by the defendant, was refused:

"The court instructs the jury that the burden of proving a contract for the year 1921 is on the plaintiff, and if the jury believe that the plaintiff refused to enter

into a contract with the defendant for the year 1921, they must find for the defendant."

For the reasons already indicated, this instruction ought to have been given. The burden was on the plaintiff to prove either an express contract for one year, or to prove facts and circumstances from which such a contract would be presumed. He did not rely on an express contract, and the evidence of the defendant tended to rebut the presumption upon which he relied as supporting his theory of an implied contract. It was, therefore, prejudicial error to refuse the instruction in question.

[7] The remaining assignment of error presents the proposition that the court ought to have set aside the verdict and entered a final judgment for the defendant because, as defendant here contends, if any contract was proved, it was an express contract for one year made in the fall of 1920, not to be performed within a year, and hence within the statute of frauds.

In our view of the case we need not consider the point made by counsel for plaintiff that the defendant did not sufficiently plead the statute relied on. Both parties now deny that there was in fact any express agreement. The plaintiff has committed himself, irrevocably, as we think, to the theory of an implied contract. If such a contract existed, it began on January 1, 1921, and was not within the statute. *Conrad* v. *Ellison-Harvey Co.*, *supra* (120 Va. pp. 469-70, 91 S. E. 763, Ann. Cas. 1918B, 1171), and authorities cited.

The judgment complained of must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial to be had not in conflict with the views herein expressed.

*Reversed.*