## CIRCUIT COURT OF FREDERICK COUNTY

Smith

v.

Arthur H. Fulton, Inc.

December 12, 1984

Case No. (Law) 4333

By JUDGE ROBERT K. WOLTZ

Presented for resolution is a demurrer by the defendant employer to a motion for judgment by the plaintiff employee for damages for wrongful discharge from employment, as a breach of contract under Count 1 and as a tort under Count 2. On elemental principles, upon demurrer all facts well pleaded by the motion for judgment are admitted.

The plaintiff alleges that January 10, 1983, the plaintiff and the defendant entered into an oral employment contract whereby the defendant hired the plaintiff to render certain services in the former's trucking business. The terms of the contract were that the plaintiff was employed on a probationary period of six months during which he could be discharged at any time without cause but after the probationary period he was "to be employed for so long as the plaintiff satisfactorily performed his duties." Plaintiff further alleges that he was discharged shortly after the probationary period without cause.

Where no specific time is fixed for the duration of employment (sometimes referred to as employment for an indefinite term, a "general hiring," a "simple contract" for hire) the employment or contract is one at will, terminable by either party at any time. *Conrad v. Ellison-Harvey Company*, 120 Va. 458 (1917); *Virginia Canners*

*Exchange* v. *Scheidt*, 137 Va. 452 (1923); *Hoffman Company* v. *Pelouze*, 158 Va. 586 (1932); *Title Insurance Co.* v. *Howell*, 158 Va. 713 (1932); *Edwards Co.* v. *Deihl*, 160 Va. 587 (1983); and *Norfolk Southern R. Co.* v. *Harris*, 190 Va. 966 (1950). This is based in part on mutuality, *i.e.* the employer is as free to discharge as the employee is free to quit. Summers, "Individual Protection Against Dismissal: Time for a Statute," 62 *Va. L. Rev.* 481 (1976).

The English rule seems to be different. As to the situation pertaining in the eighteenth century, *see* 1 W. Blackstone, *Commentaries*, 413-414. In England every general hiring is rebuttably presumed to be for a year; but that such a hiring is terminable at the will of either party is the prevailing American view. *Conrad, supra* at page 466; *see also* Summers, 62 *Va. L. Rev.* at page 484-485.

The fact no specific time of duration of the employment is set does not mean absolutely it is a contract at will. The lack of a specific time for continuance of the employment raises only a rebuttable presumption it is one at will. *Sea-Land Service, Inc.* v. *O'Neal*, 224 Va. 343 (1982); *Norfolk Southern R. Co.* v. *Harris, supra*; *Hoffman* v. *Pelouze, supra*, and *Title Insurance Co.* v. *Howell, supra*. The burden, however, is on the one claiming the employment was not at will to prove circumstances to rebut this presumption. *See Virginia Canners Exchange* v. *Scheidt, supra* at page 459. This is simply another way of saying that the burden to prove the particular terms of the contract as will take it out of the general rule is on the party seeking to do so.

Factually the allegations of the plaintiff's motion for judgment bring this case close to *Norfolk Southern R. Co.* v. *Harris, supra.* In that case the plaintiff employee was a railroad engineer employed as such by the same company for over thirty years. Nevertheless his contract of employment did not specify any specific date of termination. However, it did provide in writing that those of his vocation "will not be disciplined or dismissed from the service without a just cause," with other provisions for investigation, hearing and notification. This provision is in its meaning very close to the plaintiff's allegation that he was to be employed "for so long as [he] satisfactorily performed his duties." The Court in that case recognized the general rule "that where no specific time is

fixed for the duration of an employment, there is a rebuttable presumption that it is an employment at will, terminable at any time by either party," at page 976. At the same page the Court proceeds as follows:

> Here, however, a definite time was fixed for the duration of the employment. It was, by the terms of the contract, to continue until the plaintiff gave to the defendant just cause to end it. . . The defendant's agreement that it would not discharge plaintiff without just cause was a thing of value to him, a safeguard against the loss and embarrassment to be expected from an arbitrary discharge. The defendant's agreement that it would not be done was a term of plaintiff's employment, compensation for his work which he had earned along with his wages. The defendant ought not to take that promised reward from him without incurring a penalty for violating its agreement. It was a promise in return for services which the plaintiff performed and which furnished sufficient consideration for a binding contract. In such case the doctrine of mutuality is inapplicable. (Citations omitted.)

From this statement it is apparent that a contract of employment can have a definite time of duration even though no specific date for its termination is contained in its terms, the definite time for duration fixed being until the contingency of the employee giving to the employer just cause to end the employment. In similar circumstances and citing *Norfolk Southern R. Co.* as authority, *Twohy* v. *Harris*, 194 Va. 69, 80 (1952), said:

> When the contract is construed in the light of the circumstances it is sufficiently definite and certain to be enforced. . . The necessary implication is that [the employee] was to continue such services as long as [the employer] should require him to perform them or, to put the matter another way, until [the employee] gave [the employer] just cause to end the employment.

What the plaintiff has alleged then, under the holdings of the cases cited above, is a provision in the agreement of employment which can take it out of the realm of employment contracts which are terminable at will. This being so, the demurrer must be overruled as a fact issue is presented as to what the parties under the circumstances intended as to the term of duration of the contract, and this is a jury question. *Conrad v. Ellison-Harvey Co.* and *Hoffman v. Pelouze, supra.* See *Twohy v. Harris, supra,* and *see also Buchannon & Son v. Ewell,* 148 Va. 762 (1927).